IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSA OLIVIA WARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 1:17-CV-468-GMB |
| ) | |
| GRAY TELEVISION GROUP, INC. ) | |
| d/b/a WTVY NEWS 4 DOTHAN, ) | PLAINTIFF DEMANDS A |
| ) | TRIAL BY STRUCK JURY. |
| Defendant. ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. This is a suit to obtain relief for retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that Defendant employed Plaintiff in Houston County, Alabama.

## PARTIES

4. Plaintiff Rosa Olivia Ware is a female resident of Montgomery County,

1

Alabama who is over the age of 19.

5. Gray Television, Inc. (NYSE: GTN and GTN.A) owns and/or operates over 100 television stations across 57 television markets that collectively broadcast more than 200 program streams including 103 channels affiliated with the CBS Network, the NBC Network, the ABC Network and the FOX Network.

6. Defendant Gray Television Group, Inc. d/b/a WTVY News 4 Dothan ("GTG") is a foreign corporation formed in the State of Delaware doing business in Houston County.

7. In 2017, GTG employed 15 or more employees for twenty or more weeks of the calendar year.

8. GTG was Plaintiff's employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

## ADMINISTRATIVE REMEDIES

9. Ms. Ware first contacted the United States Equal Employment Opportunity Commission ("EEOC") in 2016.

10. Ms. Ware filed a Charge of Discrimination with the EEOC on March 29, 2017.

11. A true and correct copy of Ms. Ware's EEOC Charge is attached as Exhibit A.

12. Ms. Ware filed her EEOC Charge within 180 days of her termination by GTG.

13. The EEOC issued a Dismissal and Notice of Rights to Ms. Ware on April 18,

2017.

14. A true and correct copy of Ms. Ware's Dismissal and Notice of Rights is attached as Exhibit B.

15. Ms. Ware initiated this action within 90 days of April 18, 2017.

## FACTUAL ALLEGATIONS

16. Ms. Ware began working at WTVY in January 1992.

17. During the events relevant to this action, Ms. Ware was GTG's Office Manager in Dothan, Alabama.

18. In 2016 and continuing through the end of her employment, Ms. Ware experienced, observed and heard from others of discriminatory, retaliatory and harassing treatment.

19. Ms. Ware observed preferential treatment being given to male employees over female employees.

20. The males who Ms. Ware observed receiving preferential treatment were Spencer Bienvenu, David Killingworth, Mark Kirkland, Wes Tomlin, Jonathan Trawick, Richard Rojas, David Pologruto, Evan Chickvara, and Tom Johnson.

21. Women Ms. Ware observed being treated in a manner she felt constituted gender discrimination included, but were not limited to, Laura Clark, Tiffany McGrath, Cory Bradley, Lesley Danford, Pam Cox, Courtney Johnson, Susan

Charles, Christian Maddox, Candice Ivy, Natasha Chughtai, Miranda Mason, Chelsi Howman, Lydia Mitrevski, Bridgett Bjorio, Taylor Tanenbaum, Kim Ullery, Sarah Chaffee, Katrice Nolan, Jennie McCraney, Kayley Woodham, Juila Gassett, Amanda Dansby, Lauren Linahan, Caroline Ritter, Brenda Stefin, Paige Keel, Millicent Smith, Mandy Younce, and Tracy Tidwell.

22. Ms. Ware heard from other coworkers about discriminatory comments being made in the workplace.

23. Ms. Ware felt she was experiencing discrimination, harassment and retaliation.

24. On January 4, 2017, Ms. Ware sent a written communication to GTG's Chairman of the Board and requested the company provide EEOC training to address issues of discrimination and harassment.

25. Ms. Ware's written communication was a complaint of discrimination and opposition to unlawful activity.

26. Ms. Ware wrote to the CEO that she "found it might be helpful for our station to have EEOC on-site training."

27. Ms. Ware wrote to the CEO that the reasons she was asking for EEOC training included, but were not limited to:

a. Of the twenty employees who left the station's employment in 2016, fourteen mentioned discrimination, intimidation, unfair treatment or a hostile

work environment.

b.  Most of the employees who had left were female.

c.  There were twelve employees on staff who felt they were "in a hostile, unfair, intimidating work environment or who feel they have been discriminated against in some fashion."

d.  "10 of the 20 employees who spoke up were retaliated against after reporting and 8 of 12 current employees have been retaliated against after reporting or after speaking against mistreatment."

28. Ms. Ware's January 4, 2017 written communication was a voluntary act.

29. Ms. Ware's January 4, 2017 written communication was not part of her job duties or responsibilities.

30. Ms. Ware's January 4, 2017 written communication was a personal complaint because she was concerned about the unlawful discriminatory, harassing and retaliatory conduct she and her coworkers were experiencing.

31. A few weeks after Ms. Ware sent her January 4, 2017, written communication, she was contacted by Rebeca Shanlever, an attorney for a law firm in Georgia who does work for GTG.

32. Ms. Shanlever had represented GTG in at least one employment discrimination lawsuit prior to Ms. Ware's January 4, 2017 complaint.

33. Ms. Shanlever requested a time to meet and interview Ms. Ware.

5

34. Ms. Shanlever informed Ms. Ware she had been retained by GTG.

35. Ms. Shanlever interviewed Ms. Ware on or about January 18, 2017.

36. Ms. Ware responded to Ms. Shanlever's questions and shared with her examples of the discrimination, harassment and retaliation she and others were experiencing in GTG's Dothan workplace.

37. In response to Ms. Shanlever's questions, Ms. Ware identified by name employees who were experiencing discriminatory conduct.

38. Ms. Shanlever interviewed Ms. Ware at an internet café.

39. The internet café was located in the office of the wife of Spencer Bienvenu, the VP General Manager for GTG in Dothan.

40. While Ms. Shanlever interviewed Ms. Ware, Ms. Ware saw Mr. Bienvenu's wife.

41. After Ms. Ware met with Ms. Shanlever, Spencer Bienvenu called the employees Ms. Ware had identified to participate in state of the station interviews.

42. The interviews were conducted at the same internet café where Ms. Shanlever interviewed Ms. Ware.

43. Sometime at the end of January 2017 or in early February 2017, Ms. Shanlever called Ms. Ware and said to her "you need to go."

44. Ms. Shanlever encouraged Ms. Ware to resign her employment with GTG.

45. Ms. Shanlever presented Ms. Ware with a document to sign that would voluntarily end her employment with GTG.

46. Ms. Ware did not resign.

47. On February 23, 2017, Jan Goldstien in GTG's Human Resources Department and Spencer Bienvenu informed Ms. Gray she was being placed on administrative leave and escorted her from the jobsite.

48. Ms. Goldstein and Mr. Bienvenu had knowledge of Ms. Ware's January 4 complaint.

49. Ms. Goldstein and Mr. Bienvenu had knowledge of what Ms. Ware had communicated to Ms. Shanlever.

50. On March 10, 2017, Mr. Bienvenu called Ms. Ware and told her she was being paid while she was on administrative leave so she could think about signing the document to resign her employment.

51. Ms. Ware did not resign.

52. GTG terminated Ms. Ware's employment on March 10, 2017.

53. Spencer Bienvenu, the VP General Manager, told Ms. Ware she was being fired because he did not like her work and she kept doing the same thing over and over, but he did not give any specific details or incidents.

54. Prior to her January 4 complaint, Ms. Ware had not been notified of any performance deficiencies or conduct which were placing her job in jeopardy.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

55. Plaintiff adopts and incorporates by reference the facts alleged above in support of this Count.

56. Ms. Wage engaged in activity protected by Title VII.

57. Ms. Ware was qualified to hold her position with GTG.

58. GTG scrutinized, targeted, placed on leave and terminated Ms. Ware for engaging in conduct protected by Title VII.

59. GTG's retaliatory conduct injured Ms. Ware.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests entry of judgment under Title VII of the Civil Rights Act of 1964, as amended, against Gray Television Group, Inc. pursuant to an Order awarding:

    a. backpay damages;

    b. compensatory damages to be determined by the trier of fact;

    c. punitive damages to be determined by the trier of fact;

    d. nominal damages to be determined by the trier of fact;

    e. injunctive relief, including backpay and pre-judgment interest;

    f. that relief which is fair, just, and equitable under the circumstances of this case;

    g. reasonable attorney's fees; and

    h.    the costs of this suit.

<b>PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.</b>

Respectfully submitted,

*/s/ Heather Newsom Leonard*
Heather Newsom-Leonard
Attorney Code - ASB-1152-061H
ATTORNEY FOR PLAINTIFF

<u>OF COUNSEL:</u>

HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:        (205) 977-5421
Facsimile:    (205) 278-1400
E-mail:       Heather@HeatherLeonardPC.Com

<u>PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:</u>

Gray Television Group, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104